IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01034-LTB

LESTER L. WASHINGTON, Bth, MA, M.ED., ABD,

    Plaintiff,

v.

COLORADO STATE UNIV. FT. COLLINS, et al.,

    Defendants.

## ORDER DENYING MOTIONS TO RECONSIDER

    Plaintiff, Lester L. Washington, has filed *pro se* three related motions to reconsider. In one of motions to reconsider (ECF No. 41), Mr. Washington asks the Court to reconsider and vacate the Order of Dismissal and the Judgment entered in this action on October 16, 2012. In the other two motions to reconsider (ECF Nos. 40 & 43), Mr. Washington asks the Court to reconsider the denial of his motions for a stay and for additional time to file another amended pleading. The Court denied the motions for a stay and for additional time to file another amended pleading in the Order of Dismissal. A fourth motion (ECF No. 42), which is only a one-page document that references an exhibit, also has been filed.

    The Court must construe the motions to reconsider liberally because Mr. Washington is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motions to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Washington's motions pursuant to Rule 59(e) because the motions were filed within twenty-eight days after the Judgment was entered in this action and all of the motions relate to the order dismissing this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id.*

Mr. Washington initiated this action on April 17, 2012, by filing a Title VII Complaint (ECF No. 1). On April 26, 2012, Magistrate Judge Boyd N. Boland ordered Mr. Washington to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On May 30, 2012, Magistrate Judge Boland entered a minute order granting Mr. Washington an extension

of time until June 29, 2012, to file an amended complaint. On June 29, 2012, Magistrate Judge Boland entered a minute order granting Mr. Washington a second extension of time until August 1, 2012, to file an amended complaint. On August 7, 2012, Magistrate Judge Boland entered a minute order granting Mr. Washington's motion for a final extension of time to locate counsel and file an amended complaint. Pursuant to Magistrate Judge Boland's August 7 minute order, the deadline to file an amended complaint was extended to October 1, 2012. Magistrate Judge Boland advised Mr. Washington in the August 7 minute order that he must file an amended complaint on or before October 1 even if his efforts to retain counsel are not successful and that no further extensions would be granted absent extraordinary circumstances. Magistrate Judge Boland also advised Mr. Washington that his efforts to litigate other cases are not an extraordinary circumstance that would justify an extension of time.

On October 1, 2012, Mr. Washington filed an amended Title VII Complaint (ECF No. 33). On October 9, 2012, Mr. Washington filed an emergency motion to stay all court proceedings (ECF No. 34) until January 30, 2013, and a motion (ECF No. 35) seeking permission to file another amended pleading on or before December 20, 2012, in order to make the pleading more concise. Mr. Washington alleged in support of his motion for additional time to file another amended pleading that he was negotiating with an attorney to represent him in this action, he had several emergency school and counseling responsibilities, he was counseling one person who has a son accused of a heinous crime, he had several family emergencies, and he needed to make additional corrections. Mr. Washington also provided detailed allegations in support of the motion for additional time to file another amended pleading that related to his efforts to litigate

other actions.

The Court dismissed the instant action without prejudice because the amended Title VII Complaint Mr. Washington filed on October 1 still did not comply with the pleading requirements of Rule 8 and it appeared that Mr. Washington had made little, if any, effort to correct the specific deficiencies in his original complaint.  The Court denied the motions for a stay and for additional time to file another amended pleading because Mr. Washington failed to present any extraordinary reasons that would justify a stay, because Mr. Washington had been allowed ample time to prepare and file an amended pleading that complies with the pleading requirements of Rule 8, and because Mr. Washington's history of filings in the District of Colorado demonstrate that he is either unwilling or unable to file a pleading that complies with Rule 8.

Mr. Washington's motions to reconsider are repetitive and verbose.  In addition, the Court notes that Mr. Washington makes statements in one of the motions to reconsider that are threatening or may be construed as threatening.  (*See* ECF No. 41 at 10.)  Mr. Washington is advised that such statements are not appropriate, and the Court will not tolerate contumacious conduct.

With respect to the substance of the motions to reconsider, it appears that the common theme in each of the motions is Mr. Washington's contention that he was not given enough time to file a pleading that complies with Rule 8.  He alleges in support of the motions that a number of family members have died in the past year, including his father who passed away on October 3, 2012; that he has been litigating multiple actions and appeals in various courts; that he is disabled and needs additional time; his amended complaint complies with Rule 8 and should not have been dismissed; and he

is busy with work and other personal matters.

On consideration of the motions to reconsider and the entire file, the Court finds that Mr. Washington fails to demonstrate some reason why the Court should reconsider and vacate either the order to dismiss this action or the denial of his motions for a stay or for additional time to file another amended pleading.  Mr. Washington was granted three extensions of time to file his amended complaint in this action and he actually filed a timely amended complaint on October 1.  Given Mr. Washington's failure to address and correct the specific deficiencies identified with respect to his original pleading, the Court remains convinced that additional time would not have resulted in a pleading that complies with the requirements of Rule 8.  The fact that Mr. Washington felt it necessary to file three separate motions to reconsider that are verbose and repetitive also is evidence of his inability to present his arguments in a clear and concise manner.  Furthermore, many of the reasons cited by Mr. Washington in the motions to reconsider seeking additional time to file another amended pleading are not extraordinary circumstances that would justify granting another extension of time.  Therefore, the motions to reconsider will be denied.  Accordingly, it is

ORDERED that Plaintiff's motions to reconsider (ECF Nos. 40, 41, & 43) and Plaintiff's motion (ECF No. 42) that references an exhibit are DENIED.

DATED at Denver, Colorado, this  31st  day of    October          , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court